## RUSSELL ET AL. v. THE STATE.

[No. 20,131. Filed November 24, 1903.]

STATUTORY CONSTRUCTION.—*Amended Section of Act.*—It is a rule of statutory construction that a section of a statute as amended is to be regarded, as to matters thereafter occurring, as if such section, instead of the section which was blotted out by the amendment, had been a part of the original act.  *p. 482.*

APPEAL.—*Misdemeanor.*—The Supreme Court can not entertain jurisdiction over any case of misdemeanor which does not fall within §9 of the act of 1901 (Acts 1901, p. 565).  *p. 482.*

SAME.—*Jurisdiction of Supreme Court in Misdemeanor Case.*—Section 9 of the act of 1901 (Acts 1901, p. 566) defining the jurisdiction of the Supreme Court is not broad enough to authorize appeals to such court in misdemeanor cases in which there is involved only a question as to "the proper construction of a statute."  *p. 483.*

From Marion Criminal Court (33,336); *Fremont Alford*, Judge.

James A. Russell and others were convicted of the offense of maintaining a nuisance, and they appeal. *Transferred to Appellate Court.*

*W. W. Herod, W. P. Herod* and *H. D. Merrifield*, for appellants.

*C. W. Miller*, Attorney-General, *C. C. Hadley, W. C. Geake, L. G. Rothschild* and *Frank Hendricks*, for State.

GILLETT, C. J.—Appellants were convicted of the offense of maintaining a nuisance, and they appeal to this court. The transcript was filed and errors assigned May 23, 1903. There is involved in the case a question as to the proper construction of a statute. The question is presented as to the jurisdiction of this court.

Section 7 of the act of March 12, 1901 (Acts 1901, p. 565), provides as follows: "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any criminal case of misdemeanor, except as provided in §8 of this act." Section 8 of said act reads thus: "Every

case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal Constitution, and which case would be otherwise unappearable [unappealable] by virtue of §6 or §7, shall be appealable directly to the Supreme Court, for the purpose of presenting such question only." Section 9 of said act provides that no appealable case shall hereafter be taken directly to the Supreme Court unless it falls within one of the nine classes enumerated in said section, and it further provides that "all other appealable cases shall be taken to the Appellate Court." Section 2 of the act of March 9, 1903, which purports to amend §§6 and 7 of the act of March 12, 1901, is as follows: "That §7 of the said above entitled act be amended to read as follows: Section 7. Hereafter the defendant in all criminal cases of misdemeanors shall have the right of appeal to the Supreme or Appellate Courts." Acts 1903, p. 280.

It will be observed that the section last quoted does not specifically provide whether the jurisdiction in a case of this kind shall be in this Court or in the Appellate Court. It is a rule of statutory construction that a section of a statute as amended is to be regarded, as to matters thereafter occurring, as if such section, instead of the section which was blotted out by the amendment, had been a part of the original act. *Walsh* v. *State, ex rel.,* 142 Ind. 357, 33 L. R. A. 392; *Pomeroy* v. *Beach,* 149 Ind. 511. So regarding the two acts, we find that §7 of the original act is not a part of said act, and that, as there is no longer any case of misdemeanor which is not appealable, the language of §8 of said act, which granted the right of appeal in certain classes of misdemeanor, cases that could not be appealed by virtue of §7, is no longer applicable. Section 1 of the act of 1903, which applies to civil cases, seems to

have treated §8 as in force in so far as appeals in such cases are concerned, but we note the absence of equivalent language in §2 of the later act. The force of §8, which is built upon the theory that appeals may be taken in certain of such cases if they can not be appealed by the preceding sections, is destroyed, in so far as §8 applies to misdemeanor cases; by a new section that grants the right of appeal in all cases of misdemeanor.

With §§7 and 8 of the original act regarded as blotted out for present purposes, what meaning is to be attached to §2 of the new act, which grants "the right of appeal to the Supreme or Appellate Courts?" It is our conclusion that in the present state of legislation we can not entertain jurisdiction over any case of misdemeanor which does not fall within §9 of the act of 1901. That section is not broad enough to authorize appeals to this court in misdemeanor cases in which there is involved only a question as to "the proper construction of a statute." That class of appeals is not within our jurisdiction, because of the opening language of §9, but is within the jurisdiction of the Appellate Court by virtue of the closing language of said section. In passing, we may observe that §2 of the act of 1903 has had the effect upon said §9 of converting misdemeanor cases into a class of cases that are appealable generally, so that if this court gets jurisdiction of such a case under said section, it is before us for all purposes.

It is ordered that this case be transferred to the Appellate Court.