SCHOCK ET AL. *v.* CHAPPELL

[No. 28,892. Filed December 17, 1952.]

*George Sands,* of South Bend, for appellants.

*Jones & Theiss,* of Marcellus, Michigan, for appellee.

BOBBITT, J.—This is an action by appellants for a declaratory judgment to determine whether appellee is entitled to be placed upon the pension roll of the South Bend Police Pension Fund and to receive and be paid the widow's allowance under said fund during her life while unmarried, and from a judgment for appellee this appeal is prosecuted.

Appellee bases her claim upon the fact that she is the widow of one Joseph Chappell who joined the South Bend police force in November, 1898, and retired in November, 1920. On September 30, 1922, while a widower, he married appellee who was not his former wife. He died January 16, 1950.

Appellee asserts her rights under cl. 3 of §178 of ch. 129, p. 351, of the Acts of 1905, as amended by §2 of ch. 19, p. 37 of the Acts of 1907. Appellants contend that said §178 of ch. 129, Acts of 1905, was repealed by ch. 51 of the Acts of 1925 under which act the police pension funds in Indiana were reorganized and re-established, and that appellee is barred from receiving a widow's benefits from the South Bend Police Pension Fund by the provisions of §3 of ch. 188, p. 565, of the Acts of 1941, being §48-6403, Burns' 1950 Repl., which amended §3 of ch. 51 of the Acts of 1925 and provides, in part, as follows:

> "If any police officer shall remarry after his retirement from the police force and shall subsequently die, the woman to whom he is married subsequent to his retirement shall not be deemed to be a widow under the provisions of this act, and shall not be entitled to receive a pension under the provisions of this act, unless the woman to whom he is remarried is his former wife."

Section 2 of ch. 19 of the Acts of 1907, cl. 3, p. 38, provides:

"Third. Upon the death of any member of such police force, active or retired . . . such deceased member leave a widow, . . . there shall be paid to such widow out of such fund thirty dollars per month, . . ."

Section 4 of ch. 51, p. 167 of the Acts of 1925, §48-6404, Burns' 1950 Replacement, pertains to retired members of the police force and, among other things, provides:

"Provided, further, That all employees of the police department *at the time any city may have heretofore established* or may hereafter establish, a police pension fund, shall, regardless of their age at the time they became members of the department, become members of such fund and be entitled to all the benefits thereof and shall pay the assessments therein provided and be subject to all the other provisions of said act and all amendments thereof." (Our italics.)

Section 6 of said ch. 51, p. 167, of the Acts of 1925, §48-6406, Burns' 1950 Replacement, provides:

"Provided, however, That in all cities of the first, second and third classes *heretofore maintaining and operating a police pension fund* where there is now being paid a less sum to the beneficiary under the provisions of former acts of the legislature governing such pension fund, that the provisions of this act shall not operate to increase such amounts and that *this act shall apply only to those retiring or qualifying under the provisions of this act, after the passage of this act,* except that this proviso shall not apply to cities of the first class." (Our italics.)

Section 7 of ch. 51 of the Acts of 1925 repealed all laws and parts of laws in conflict therewith.

The question here presented is whether appellee is entitled to be paid from the South Bend Police Pension

Fund the allowance provided for policemen's widows under the provisions of the 1905 act, as amended by the act of 1907.

The 1941 amendment to the 1925 act, upon which appellants rely, became a part of the 1925 act, and the two will be construed as one. *Russell* v. *State* (1903), 161 Ind. 481, 68 N. E. 1019; *Parks* v. *State* (1902), 159 Ind. 211, 216, 64 N. E. 862, 59 L. R. A. 190; *Pomeroy et al.* v. *Beach et al.* (1898), 149 Ind. 511, 513, 49 N. E. 370.

This court has held that the police pension law shall be liberally construed in favor of those intended to be benefited thereby. *State ex rel. Clemens* v. *Kern* (1939), 215 Ind. 515, 523, 20 N. E. 2d 514.

A general repealing clause, like other provisions of the statute, is subject to rules of construction, and the intent of the legislature will prevail over the literal import of the words. *Arnett* v. *State ex rel. Donohue* (1907), 168 Ind. 180, 191, 80 N. E. 153, 8 L. R. A. (N. S.) 1192; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 453, 82 N. E. 1030.

From a consideration of the entire act of 1925 it is apparent that the legislature, as expressly provided in §§4 and 6 thereof, did not intend that the general repealing clause should apply to police pension fund acts under which certain policemen had qualified and retired prior to the passage of the 1925 act. Acts of 1925, ch. 51, §§4 and 6, p. 167, §§48-6404 and 48-6406, Burns' 1950 Replacement, *supra*.

That the legislature intended that all employees of the police department, at the time when any city had prior to the enactment of the 1925 act established a police pension fund, should become members of the fund created by the 1925 act and be entitled to all the benefits thereof "subject to all the other provisions of

said act and all the amendments thereof" is evidenced by the language used in the Acts of 1925, ch. 51, §4, p. 167, §48-6404, Burns' 1950 Replacement, *supra*. The "other provisions of said act" to which all such members are made subject, are contained in §6 of the act and among these is the restriction that the 1925 act shall not increase the amount of the sum paid to a beneficiary under any act in effect prior to the passage of the 1925 act.

As expressly provided in §6, *supra,* the provisions of the 1925 act do not apply to those policemen who qualified and retired from the force under an act in effect prior to the passage of the 1925 act. The 1925 act (ch. 51, Acts 1925) applies only to those members of the police force who retired or qualified under the provisions of said act *after its passage.*

The husband of appellee qualified for the South Bend Police Pension Fund under the provisions of the act of 1905, and retired under this act as amended by ch. 19 of the acts of 1907. Hence, he neither qualified nor retired under the act of 1925 and by the express terms of §6 thereof the provisions of the 1925 act and the amendments thereto would not apply to him or to his widow, the appellee.

South Bend, Indiana, is a city of the second class and it maintained and operated a pension fund prior to the enactment of the act of 1925. Under the express provisions of §6 of the act of 1925 Joseph Chappell, the deceased husband of appellee, drew benefits from the South Bend Police Pension Fund at the rate provided by the 1905 act, as amended, from the time of the passage of the 1925 act until his death on January 16, 1950, and since the said Chappell was, by the express terms of said §6, exempt from the other provisions of the acts of 1925, and amendments thereto, §3 of ch. 188

of the acts of 1941, §48-6403, Burns' 1950 Replacement, *supra*, did not apply to said Chappell during his lifetime and said section would, for the same reason, not apply to appellee whose rights flow from her deceased husband and, therefore, are governed by the same act (§178 of ch. 51, acts 1905, as amended by §2 of ch. 19, acts 1907).

The following language in §3 of ch. 188 of the acts of 1941, supra, ". . . shall not be deemed a widow under the provisions of *this act* . . ." (our italics) ▇▇▇ refers to the 1925 act to which said ch. 188 of the acts of 1941 was an amendment. However, since this provision was not enacted until 1941, and since there is nothing in the 1941 amendment which would indicate that the legislature intended otherwise, it will be treated as operating prospectively. *Chadwick, Treasurer* v. *City of Crawfordsville* (1940), 216 Ind. 399, 413, 24 N. E. 2d 937, 129 A. L. R. 469; *Niklaus et al.* v. *Conkling* (1899), 118 Ind. 289, 20 N. E. 797; Sutherland Statutory Construction, 3d Ed. §§1936 and 3501; 50 Am. Jur., Statutes, §475, p. 492; See also: *Russell* v. *State* (1903), 161 Ind. 481, 482, 68 N. E. 1019, *supra; Given* v. *State* (1903), 160 Ind. 552, 557, 66 N. E. 750. Such amendment would, therefore, apply only to widows of police who retire or qualify under the provisions of ch. 51 of the acts of 1925, subsequent to the passage of the amendment, ch. 188 of the acts of 1941, and since the husband of appellee neither retired nor qualified under the 1925 act subsequent to the passage of said 1941 amendment, or at any other time, the provisions of such amendment would, for the further reasons above stated, not apply to her.

The evidence is sufficient to sustain the decision of the trial court. It is not contrary to law and the judgment of the court should be affirmed. Having reached

this conclusion, it is not necessary to decide the other questions presented by the briefs.

Judgment affirmed.

NOTE.—Reported in 109 N. E. 2d 423.