PUBLIC EMPLOYEES' RETIRE-MENT FUND and State of Indiana, Appellants–Defendants,

v.

Robert D. SHEPHERD, Carl Frink, Lyman Gobren, Kenneth Hauer, James Sorrells, James Weathers, and Max Jacobus, on behalf of themselves and all others similarly situated, Appellees–Plaintiffs.

No. 40A01–0002–CV–56.

Court of Appeals of Indiana.

Aug. 21, 2000.

---

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellants.

Gerald G. Angermeier, Jerry E. Prall, Jewell, Crump and Angermeier, Columbus, Indiana, Attorneys for Appellees.

## OPINION

KIRSCH, Judge

In this interlocutory appeal, the Board of Trustees of the Public Employees' Retirement Plan ("PERF Board") and State of Indiana challenge the trial court's ruling in favor of Indiana State Conservation Officers and Indiana Excise Police ("officers") that IC 5–10–5.5–10(b) requires the PERF Board to add to an officer's retirement allowance two and two-thirds percent of an officer's average annual salary for each year of an officer's service over twenty-five years. The sole issue presented for our review is whether the trial court's interpretation of the statute is correct. Specifically, we address whether the statute requires that an officer's annual retirement allowance be increased by a total of two and two-thirds percent of average annual salary for each completed year of creditable service in excess of twenty-five years, or whether the increase should be only one percent.

We reverse.

### FACTS AND PROCEDURAL HISTORY

This interlocutory appeal arises out of the PERF Board's administration of the 1972 Excise Police and Conservation Enforcement Officers' Retirement Plan, which was established to "provide special retirement, disability and survivor benefits to employees of the department and the commission who are engaged exclusively in the performance of law enforcement duties." *See* IC 5–10–5.5–2.

On October 19, 1998, a class of retired and soon to be retired Indiana Conserva-

tion Officers and Excise Police with over twenty-five years of creditable service filed their complaint and motion to certify class action. The trial court entered an order certifying the class action. The suit involves a challenge to the PERF Board's interpretation of IC 5–10–5.5–10(b), which provides for calculation of benefits as follows:

> "The annual retirement allowance of a participant, payable in equal monthly installments beginning on his normal retirement date, shall be a percentage of his average annual salary, such percentage to be twenty-five percent (25%) increased by one and two-thirds percent (1 2/3%) of his average annual salary for each completed year of creditable service more than ten (10) years and one percent (1%) of his average annual salary for each completed year of creditable service more than twenty-five (25) years."

In their complaint, the officers claim that the PERF Board has failed to comply with the statute in that it has paid the officers only an additional one percent of their average annual salary for each completed year of service over twenty-five years. *Record* at 7. Currently, the Board administers the plan so that the retirement allowance is increased by one and two–thirds percent for each year of service from ten to twenty-five years and by one percent for each year over twenty-five years. The officers contend that the plain meaning of the statute is that for each year of completed service over twenty-five years, the retirement allowance payable to the officers should instead be increased by an additional one percent. According to the officers, they should receive one and two-thirds percent for each year of service in excess of ten years, plus an additional one percent for each year of service over twenty-five years for a total of two and two-thirds percent of their average annual salary.

The PERF Board filed a motion for summary judgment, and the officers also filed a motion for partial summary judgment on the issue of liability. After a hearing, the trial court denied the PERF Board's motion for summary judgment and granted the officers' motion for partial summary judgment. The trial court determined that the statute was unambiguous and found that: "It is implausible that the legislature intended to reduce the monthly allowance of its most experienced and senior officers by two-thirds (2/3%) percent. It is very plausible they intended to award their most experienced and senior officers by raising their monthly allowance by an additional one (1%) percent after twenty-five years of creditable service." *Record* at 147. The PERF Board now appeals.

## DISCUSSION AND DECISION

■ The parties have not cited, and our research does not reveal, any cases concerning the meaning of IC 5–10–5.5–10(b). Thus, we are presented with an issue of first impression. The facts relevant to the resolution of this appeal are not in dispute. Therefore, the only issue before us is whether the trial court's interpretation of the statute is correct.

■ When interpreting the meaning of a statute, this court is guided by well-established rules of statutory construction. In construing a statute, generally, we will only interpret a statute that is ambiguous. *Ballard v. State,* 715 N.E.2d 1276, 1279 (Ind.Ct.App.1999). A statute is ambiguous, and open to judicial interpretation, only where it is reasonably susceptible to more than one interpretation. *State v. CSX Transp., Inc.,* 673 N.E.2d 517, 519 (Ind.Ct.App.1996). We do not interpret a facially clear and unambiguous statute. Instead, we give the statute its plain and clear meaning and will not resort to other rules of statutory construction. *Skrzypczak v. State Farm Mut. Auto. Ins. Co.,* 668 N.E.2d 291, 295 (Ind.Ct.App.1996). If a statute is ambiguous, we seek to ascertain and give effect to the intent of the legislature. *Id.* In doing so, we read the act as a whole and endeavor to give effect to all of

the provisions. *Id.* We further presume that the General Assembly intended its language to be applied in a logical manner consistent with the underlying policy and goals of the statute. *Walling v. Appel Serv. Co.,* 641 N.E.2d 647, 651 (Ind.Ct.App. 1994).

The statute "arguably supports either of the competing interpretations advocated by the parties." *Allstate Ins. Co. v. Larkin's Body Shop & Auto Care, Inc.,* 673 N.E.2d 846, 848 (Ind.Ct.App.1996) (citations omitted). Thus, contrary to the trial court's conclusion, we find the statute to be ambiguous and consequently in need of judicial interpretation.

Again, IC 5–10–5.5–10(b) provides that the retirement allowance shall be twenty-five percent of an officer's average annual salary, "increased by one and two-thirds percent (1 2/3%) of his average annual salary for each completed year of creditable service *more than* ten (10) years *and* one percent (1%) of his average annual salary for each completed year of creditable service more than twenty-five (25) years." (emphasis added). The statute could be interpreted as the PERF Board has interpreted it to mean that an officer with more than twenty-five years of service receives a retirement allowance of twenty-five percent of his annual salary increased by one and two-thirds percent for the officer's service between ten and twenty-five years, and reduced to one percent for his service in excess of twenty-five years. However, the statute could also be construed as the trial court construed it to imply no such limitation. Because each year "more than twenty-five years (25)" necessarily includes "each completed year ... more than ten (10) years," the statute could reasonably be interpreted to mean an additional one percent above the one and two-thirds percent that the officer is already receiving. As such, under this interpretation, an officer with more than twenty-five years of service would be entitled to a total of two and two-thirds percent for each year of creditable service in excess of twenty-five years.

■ Because the statute is susceptible to more than one interpretation, we must look beyond the statute for legislative intent. Although we are not bound by administrative interpretations, such interpretations often provide guidance into legislative intent. It is a rule of statutory construction that " 'a long adhered to administrative interpretation dating from the legislative enactment, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts.' " *Mance v. Board of Directors of Public Employees' Retirement Fund,* 652 N.E.2d 532, 538 (Ind.Ct.App.1995), *trans. denied* (1996) (quoting *Indiana Dept. of Revenue v. Glendale–Glenbrook Assocs.,* 429 N.E.2d 217, 219 (Ind.1981)). The doctrine of legislative acquiescence clearly applies to this case.

In the present case, the General Assembly has not changed the statute since the Plan's origin in 1972. Since this time, the PERF Board has implemented the Plan by adding one percent of an officer's average annual salary for each year of service over twenty-five years. The PERF Board has never interpreted the statute to allow the two and two-thirds percent increase for each year of service in excess of twenty-five years. Accordingly, based upon the General Assembly's inaction in the face of the PERF's Board implementation of the Plan, a presumption arises that the General Assembly has acquiesced in the PERF Board's interpretation. We therefore hold that the General Assembly is deemed to have acquiesced in the PERF Board's construction of IC 5–10–5.5–10(b), and we must presume that the PERF Board's construction was the meaning intended by the legislature.

Accordingly, we construe IC 5–10–5.5–10(b) to provide for a retirement allowance equal to twenty-five percent (25%) of an officer's annual salary plus one and two-

thirds percent (1 2/3%) for each completed year of creditable service in excess of ten years up to and including twenty-five years, plus one percent (1%) for each completed year of creditable service in excess of twenty-five years.

In her dissent, Judge Riley quotes the trial court's statement finding it implausible that the legislature would intend to "reduce the monthly allowance of its most experienced and senior officers by 2/3%." We would note that there is no reduction in the monthly allowance but a reduction only in the rate by which such allowance increases. Senior officers receive higher allowances than their less experienced counterparts, and the difference increases each year. As to implausibility, we would only go so far as to note that the judicial pension plan adopted by our legislature substantially reduces the rate of pension increases after twelve years service and eliminates such increases altogether after twenty-two years. *See* IC 33–13–9.1–4.

Reversed.

BAKER, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting

I respectfully dissent and would affirm the trial court judgment that holds I.C. 5–10–5.5–10(b) is not ambiguous. The statute increases the annual retirement allowance by 1 2/3% for each completed year of creditable service more than 10 years *and* 1% for each completed year of creditable service more than 25 years. "And" means as well as or added to. Where the intent is plain, nothing is left to construction. The construction of a statute is necessary only where the statute is ambiguous. *Indiana Dept. of State Revenue v. Horizon Bancorp,* 644 N.E.2d 870, 872 (Ind.1994).

It is also implausible to me, as the trial court stated in its judgment that the legislature would intend to "reduce the monthly allowance of its most experienced and sen-

ior officers by 2/3%." Generally, police pensions should be liberally construed in favor of those entitled to be benefited thereby. *See Schock v. Chappell,* 231 Ind. 480, 481, 109 N.E.2d 423, 424 (1952).