**Sally A. (Zupsich) MELO a/k/a Sally Ray, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0009–CR–347.

Court of Appeals of Indiana.

March 21, 2001.

Neil L. Weisman, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Sally (Zupsich) Melo a/k/a Sally Ray (hereinafter referred to as Melo), appeals the trial court's denial of her motion to dismiss two counts of interference with custody, as Class D felonies, Ind.Code § 35–42–3–4.

We reverse.

*ISSUE*

Melo raises one issue on appeal, which we restate as follows: whether the trial court erred by denying her motion to dismiss two counts of interference with custody.

*FACTS AND PROCEDURAL HISTORY*

Pursuant to a July 15, 1998 court order stemming from her divorce proceeding, Melo was granted physical custody of her and David Zupsich's (Zupsich) two children, S.I.Z. and S.D.Z. At the time of the order, Melo resided in Florida.

On May 19, 1999, the St. Joseph Superior Court issued an order giving Zupsich permanent sole custody of S.I.Z. and S.D.Z. The order stated, "Husband [Zupsich] shall retrieve the children from the State of Florida on their last day of school this school year, June 9, 1999, and shall return them to this jurisdiction forthwith." (R. 42).

Subsequently, on June 11, 1999, the Seventh Judicial Circuit, St. Johns County, Florida, issued an order denying Melo's petition for that court to take jurisdiction of the children.

On August 12, 1999, the State charged Melo with two counts of interference with custody, as Class D felonies. The information stated as follows:

COUNT I

On or between the dates of June 9, 1999 and August 12, 1999, Sally A. (Zupsich) Melo a/k/a Sally Ray, did knowingly remove another person who is less than eighteen (18) years of age, to-wit: [S.I.Z.], to a place outside Indiana and is in violation of a child custody order of St. Joseph Superior Court by failing to return [S.I.Z.] to Indiana.

All of which is contrary to the form of the statute in such cases made and provided, to-wit: Indiana Code 35–42–3–4 and against the peace and dignity of the State of Indiana.

### COUNT II

On or between the dates of June 9, 1999 and August 12, 1999, Sally A. (Zupsich) Melo a/k/a Sally Ray, did knowingly remove another person who is less than eighteen (18) years of age, to-wit: [S.D.Z.], to a place outside Indiana and is in violation of a child custody order of St. Joseph Superior Court by failing to return [S.D.Z.] to Indiana.

All of which is contrary to the form of the statute in such cases made and provided, to-wit: Indiana Code 35–42–3–4 and against the peace and dignity of the State of Indiana.

(R. 6–7).

On February 23, 2000, Melo filed a motion to dismiss the two counts of interference with custody. Melo argued that the information was defective because the facts stated in the information did not constitute the offenses charged in the information. On July 14, 2000, the State filed its response to Melo's motion to dismiss. Without a hearing, on July 19, 2000, the St. Joseph Superior Court denied Melo's motion to dismiss. Melo now appeals.

### DISCUSSION AND DECISION

Melo argues that the trial court erred by denying her motion to dismiss the two counts of interference with custody filed against her. We agree.

Ind.Code § 35–34–1–4(a) states as follows:

The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.

(3) The grand jury proceeding was defective.

(4) The indictment or information does not state the offense with sufficient certainty.

(5) The facts stated do not constitute an offense.

(6) The defendant has immunity with respect to the offense charged.

(7) The prosecution is barred by reason of a previous prosecution.

(8) The prosecution is untimely brought.

(9) The defendant has been denied the right to a speedy trial.

(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(11) Any other ground that is a basis for dismissal as a matter of law.

[1] It is Melo's contention that the facts stated in the information do not constitute the offenses charged against her. Melo maintains that she did not "remove" S.I.Z. or S.D.Z. from Indiana, as required by Ind.Code § 35–42–3–4. Ind.Code § 35–42–3–4(a) provides that interference with custody is a Class D felony if:

(a) A person who knowingly or intentionally:

(1) removes another person who is less than eighteen (18) years of age to a place outside Indiana when the removal violates a child custody order of a court; or

(2) removes another person who is less than eighteen (18) years of age to a place outside Indiana and violates a

child custody order of a court by failing to return the other person to Indiana.

The language of the information against Melo tracks the language of Ind.Code § 35–42–3–4(a)(2). Consequently, Melo argues that she did not knowingly remove her children on or between the dates of June 9, 1999 and August 12, 1999 to a place outside Indiana. The children were in Florida pursuant to a valid 1998 court order giving Melo custody of S.I.Z. and S.D.Z. Thus, Melo asserts that her actions do not constitute the offenses charged under Ind.Code § 35–42–3–4(a)(2), because she did not knowingly or intentionally remove her children to a place outside Indiana *and* violate a child custody order of a court by failing to return the children to Indiana.

On the other hand, the State argues that the removal of a child from Indiana is not what Ind.Code § 35–42–3–4(a)(2) is focused upon. Rather, the State asserts that Ind.Code § 35–42–3–4(a)(2) is focused upon the failure to return a child to Indiana in violation of a child custody order. Furthermore, the State maintains that it is only logical to have the word "removes" in Ind.Code § 35–42–3–4(a)(2), because in order for a person to violate a custody order by not returning a minor, the minor must first be taken.

Because both Melo and the State disagree as to what constitutes the offense under Ind.Code § 35–42–3–4(a)(2), they have essentially asked this court to interpret the meaning of the statute. In *Public Employees' Retirement Fund v. Shepherd*, 733 N.E.2d 987, 989–990 (Ind.Ct.App. 2000), *trans. denied*, this court held:

> When interpreting the meaning of a statute, this court is guided by well-established rules of statutory construction. In construing a statute, generally, we will only interpret a statute that is ambiguous. A statute is ambiguous, and open to judicial interpretation, only where it is reasonably susceptible to more than one interpretation. We do not interpret a facially clear and unambiguous statute. Instead, we give the

statute its plain and clear meaning and will not resort to other rules of statutory construction. If a statute is ambiguous, we seek to ascertain and give effect to the intent of the legislature. In doing so, we read the act as a whole and endeavor to give effect to all of the provisions. We further presume that the General Assembly intended its language to be applied in a logical manner consistent with the underlying policy and goals of the statute.

*Id.* (citations omitted).

■ We do not find Ind.Code § 35–42–3–4(a)(2) to be ambiguous. It clearly states two requirements that must be met before the State may charge a person with interference with custody. First, a person must either knowingly or intentionally remove another person, who is less than 18 years old, to a place outside of Indiana. Second, after the person, who is less than 18 years old, has been removed to a place outside of Indiana, a person must then either knowingly or intentionally, in violation of a court order, fail to return that person, who is less than 18 years old, to Indiana.

Moreover, *Merriam Webster's Collegiate Dictionary* 990 (10th ed.1994) the word "remove" means "to change the location, position, station, or residence of." Melo did not knowingly change the location, position, station, or residence of S.I.Z. and S.D.Z. on or between the dates of June 9, 1999 and August 12, 1999. The children had been in Florida since July 1998.

Accordingly, we find that the State inappropriately charged Melo with two counts of interference with custody, as Class D felonies. Removal of a minor from Indiana *and* the failure to return the minor to Indiana in violation of a child custody order are both essential elements of the crime of interference with custody, as a Class D felony. Ind.Code § 35–41–2–2(d) provides: "[u]nless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every

material element of the prohibited conduct." Here, the facts reveal that Melo did not knowingly or intentionally remove the children outside of Indiana between the dates of June 9, 1999 and August 12, 1999. Consequently, we find that the facts alleged in the information against Melo do not constitute the offenses charged.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred by denying Melo's motion to dismiss two counts of interference with custody, Class D felonies, Ind.Code § 35–42–3–4.

Reversed.

ROBB and DARDEN, JJ., concur.