## AYRES *v.* STATE OF INDIANA.

[No. 22,162. Filed November 6, 1912.]

1. HEALTH.—*Regulation.—Statutes.—Construction.—Legislative Discretion.*—Under §§2446, 2447 Burns 1908, Acts 1907 p. 218, §§1, 2, defining the offense of distributing from house to house any sample of medicine, or any substance deleterious to life, limb or health of any person, and giving to any child under the age of sixteen years any such medicine or deleterious substance, the distribution of samples of medicine to adults in their homes, as well as to children under the age of sixteen years, is forbidden, although the act contains no prohibition against the giving of samples of medicine to adults on the street; it being a matter within

the wide discretion of the legislature to determine the methods and expedients for the protection of the public health.   pp. 456, 457.

2. HEALTH.—Regulation.—Statutes.—Legislative Discretion.—The legislature has a large measure of discretion in determining the existence of an emergency for legislation concerning the public health, and the means and instrumentalities to accomplish the end in view.   p. 457.

3. STATUTES.—Construction.—Intent.—Where a statute, forbidding the doing of a certain thing, contains no exception, such fact may be considered in determining the intent and construction to be given to it.   p. 457.

4. CONSTITUTIONAL LAW.—Police Power.—Regulation of Public Health.—Statutes.—The act prohibiting the distribution from house to house of samples of medicine or any deleterious substance, or the giving of any such medicine or substance to any child under the age of sixteen years (§§2446, 2447 Burns 1908, Acts 1907 p. 218), is an exercise of the police power, so that the act is not unconstitutional on the theory that it violates the Constitution, Art. 1, §3, prohibiting the granting of privileges and immunities which upon the same terms shall not equally belong to all citizens.   p. 457.

From Marion Criminal Court (40,393); *Joseph T. Markey,* Judge.

Prosecution by the State of Indiana against Earl Ayres. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John O. Spahr* and *James A. Ross,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr,* and *James E. McCullough,* for the State.

MYERS, J.—Appellant was charged by affidavit with violating §2446 Burns 1908, Acts 1907 p. 218, in that he "did then and there unlawfully distribute and cause to be distributed from house to house in said city [Indianapolis] a certain sample of medicine known as Wade's System Cleanser, by handing to Glenn O. Dicks, a person over the age of sixteen years, at his residence in said city," etc.

The only error presented is on the motion for a new trial, on the ground that the finding of the court is contrary to law, and is not supported by sufficient evidence.

The prosecuting witness testified that he was an inspector for the city board of health, and that he arrested appellant, who was distributing packages of drugs and medicine, by knocking on the door of the residence of Glenn O. Hicks, 603 N. New Jersey street, and handing him a sample package of "Wade's System Cleanser." That Dicks was a man thirty-five or forty years of age; that he never saw him deliver any other package of said drugs, but that he saw him knock at the door of three different houses, and when no one came to the door he did not leave the sample of medicine; he walked away without leaving a sample of said medicine. One Florea testified that his business was that of an advertising agent, and that he had employed Ayres to distribute samples of "Wade's System Cleanser," a product of the Gem Remedy Company, of St. Louis; that he had submitted a formula of said medicine to the city board of health for examination, and that the city board of health issued to him an order to the city controller for a permit of a license to distribute said medicine from house to house.

Appellant's position is that the evidence does not make a case within the statute as a matter of construction of the statute, the specific point being that the statute does not forbid the distribution of samples of medicine to adult persons wherever they may be, but that the purpose and intent of the statute is to prevent the distribution of samples in yards and premises surrounding dwellings, and on porches and in houses, because of the possible injury to children and immature persons from thereby obtaining and taking such samples. It is argued that the addition of the clause, "or to give or cause to be given to any child under the age of sixteen years, any such sample of medicine," shows the legislative intent to restrict the section to the protection of children, and that to hand the medicine to an adult in a house is not an offense; that it is not an offense to hand an adult medicine or a sample on the street, and hence impliedly it is

not an offense intended to be defined under this section, to hand the sample of medicine to an adult in a house.

The title of the act (Acts 1907 p. 218) is "An Act making it unlawful for any person, firm, corporation or association to distribute or cause to be distributed from house to house any sample of medicine or any substance deleterious to life, limb or health of any person, or to give or cause to be given to any child under the age of sixteen years any such medicine or deleterious substance, construing what is meant by medicine and the expression 'from house to house' as herein used, and providing penalties." When we come to the body of the act we find that §1 (§2446 Burns 1908) and §2 (§2447 Burns 1908), each defining two separate and distinct offenses, in each case first prohibit distribution from house to house of defined substances, and in each also prohibit the giving away to children of those substances—medicinal preparations in one case, and in the other, any deleterious substance, liquid or solid. Counsel for appellant admit that as to infants the offense is clearly defined in each case, but they argue that there could have been no reason for prohibiting handing samples of medicine to adults at their homes, when the same substance may be handed to them on the street. As to section two, it is quite clear that the distribution of any deleterious substance from house to house is forbidden, irrespective of the person who may receive it. We can understand, also, that the taking of samples of medicines by adults, who do not understand the effect of certain medicines on the human system, or on different individuals afflicted with specific troubles, or the taking of medicine at all, without its being prescribed by a qualified person, may be very harmful, and we think we discover in §2446, supra, a purpose in the legislature to prevent in some degree the promiscuous absorption of medicine, without regard to its possible effects, by those afflicted, or who deem themselves afflicted in a specific way, and who

have the disposition to take anything which promises relief or is recommended. Whether the act should have gone further and forbidden the distribution of samples on the streets, is not material to this inquiry.

The legislature has a very large measure of discretion in such matters. It was said in *Isenhour* v. *State* (1901), 157 Ind. 517, 522, 62 N. E. 40, 87 Am. St. 228: "The power of the legislature, and its right to determine, for itself, when an emergency for such legislation exists, and the means and instrumentalities necessary to accomplish the end in view, is no longer a doubtful question." It also has a wide latitude in determining methods and expedients to be used to accomplish the end of protecting the public health. *State* v. *Lowry* (1906), 166 Ind. 372, 389, 77 N. E. 728, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350; *Given* v. *State* (1903), 160 Ind. 552, 556, 66 N. E. 750; *Blue* v. *Beach* (1900), 155 Ind. 121, 126, 127, 131, 56 N. E. 89, 50 L. R. A. 64, 80 Am. St. 195.

We must assume that there were reasons in the minds of the legislators which prompted them to prohibit the distribution of medicine from house to house. If it had been deemed wise to except the distribution of medicines to adults at their homes, or distribution from house to house, there would hardly have been used the inclusive language which is employed in the act, and the fact that there is no exception may be considered in determining the intent and construction to be given the act. *State* v. *Lowry, supra.*

The strong tendency of legislation in recent years is to require that pure foods and medicines be furnished, and that medicines be administered by competent persons.

It is also urged that the act is invalid because in violation of article 1, §23, of the Constitution, prohibiting the granting of "privileges and immunities which upon the same terms shall not equally belong to all cit-

izens.'' This section cannot be invoked against the exercise of a purely police power, when it is applied alike to all who may be affected alike in its exercise. *Selvage* v. *Talbott* (1911), 175 Ind. 648, 95 N. E. 114, 33 L. R. A. (N. S.) 973; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7; *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146; *State* v. *Richcreek* (1906), 167 Ind. 217, 77 N. E. 1085, 5 L. R. A. (N. S.) 874, 119 Am. St. 491, 10 Ann. Cas. 899; *Seelyville Coal, etc., Co.* v. *McGlosson* (1906), 166 Ind. 561, 77 N. E. 1044, 117 Am. St. 396, 9 Ann. Cas. 234; *Indiana R. Co.* v. *Calvert* (1907), 168 Ind. 321, 80 N. E. 961, 10 L. R. A. (N. S.) 780, 11 Ann. Cas. 635; *Adams Express Co.* v. *State* (1903), 161 Ind. 328, 67 N. E. 1033; *Parks* v. *State* (1902), 159 Ind. 211, 64 N. E. 862, 59 L. R. A. 190; *Chandler Coal Co.* v. *Sams* (1908), 170 Ind. 623, 85 N. E. 341; *Walker* v. *Jameson* (1895), 140 Ind. 591, 37 N. E. 402, 39 N. E. 869, 28 L. R. A. 679, 49 Am. St. 222; *Graffty* v. *City of Rushville* (1886), 107 Ind. 502, 512, 8 N. E. 609, 57 Am. Rep. 128; *St. John* v. *New York* (1906), 201 U. S. 633, 26 Sup. Ct. 554, 50 L. Ed. 896, 5 Ann. Cas. 909; *McLean* v. *Arkansas* (1909), 211 U. S. 539, 29 Sup. Ct. 206, 53 L. Ed. 515; *Munn* v. *Illinois* (1876), 94 U. S. 113, 24 L. Ed. 77; *Slaughter-House Cases* (1872), 16 Wall. 36, 21 L. Ed. 394.

We perceive no objection to the act on any of the grounds urged against it, and the judgment is therefore affirmed.

NOTE.—Reported in 99 N. E. 730. See, also, under (1) 8 Cyc. 868; (2) 8 Cyc. 864; (3) 36 Cyc. 1113; (4) 8 Cyc. 1052.