SHEDD *v.* AUTOMOBILE INSURANCE COMPANY OF HARTFORD ET AL.

[No. 26,485. Filed June 14, 1935. Rehearing denied October 22, 1935.]

622

*John G. Yeagley,* for appellant.

*Parker, Crabill, Crumpacker & May,* George N. Beamer, and *Woodson S. Carlisle,* for appellees.

HUGHES, J.—This was an action by appellant against appellees to recover upon a contract of insurance for money expended by appellant in the settlement of an action brought in the St. Joseph Circuit Court against appellant by Harvey S. Mohler for damages occasioned by appellant's automobile, driven by his son, colliding with an automobile driven by Mohler.

It is shown by appellant's complaint that he was the owner of an automobile, which was described in appellant's complaint and contract of insurance; and that on the 29th of December, 1931, the appellant's wife, Laura B. Shedd, and his son, Wayne Louis Shedd, age 15, with the knowledge and consent of appellant, drove said automobile on a public highway in St. Joseph county, Indiana, west of the city of South Bend, known as route No. 20; that the said Wayne Louis Shedd was operating and driving said automobile, and, while doing so, he collided with an automobile driven by Harvey S. Mohler, causing damage to both of said cars; that the appellant and his family, including his son, Wayne Louis Shedd, lived in the city of South Bend.

It further appears from the complaint of appellant that the said Harvey S. Mohler claimed said collision was caused by reason of the carelessness and negligence of Laura B. Shedd and Wayne Louis Shedd; that he instituted two actions—one for damages to personal property, and one for personal injuries; that the appellees denied liability under said insurance contract upon the sole and only ground that the automobile of appellant was being driven by appellant's son, who was under the age of 16 years, and that he did not have a special permit or authority of the secretary of state to drive said automobile; that the appellant and appellees entered into an agreement in order that appellant might effect a compromise and settlement with Mohler and, under the terms of the agreement, the appellant was authorized to compromise and settle each of said causes of action of said Mohler without releasing the appellees from liability upon said indemnity or insurance contract, and thereupon a compromise settlement was made by appellant paying so much money to said Mohler. The present action was brought to

recoup the amount paid out in making settlement of the two causes of action.

The regular form policy of appellees contained a clause expressly excluding appellees from any liability or losses that might occur at a time when the automobile was being operated by any person in violation of law as to age or under the age of sixteen years in any event. By a rider, the policy was amended and the phrase "under the age of sixteen years" wherever it occurs in this policy was eliminated and "under the age of fourteen years" substituted therefor.

The plaintiff averred in his complaint that by the express terms of the contract of insurance or indemnity the defendants knew that plaintiff's son was under the age of sixteen years and authorized the plaintiff to permit and grant to his son the right and privilege of driving the automobile upon the streets and highways of the State of Indiana without in any way nullifying or affecting the liability of the defendants upon said insurance or indemnity contracts and said modifications so made at the time of the execution of said contract constituted a part thereof, and was as follows:

"It is agreed that this policy is amended as follows: The phrase 'Under the age of sixteen years' wherever it occurs in this policy is eliminated, and 'Under the age of fourteen years' is substituted therefor."

The appellees filed a demurrer to the complaint, which was sustained by the court. The appellant refused to plead further, and appealed from the ruling of the court on the demurrer.

The demurrer was for insufficient facts to constitute a cause of action and the memorandum was as follows:

"1. That it is provided in the policy of insurance attached to the complaint that coverage under the policy of insurance shall exclude loss or dam-

age caused by or occurring while the automobile insured was being operated by any person under the age limit fixed by law, while the complaint shows that the automobile, at the time of the accident causing the damage in question was being driven by the son of the plaintiff at a time when said son was fifteen years of age and was not licensed to drive an automobile as provided in chapter 162 of the Acts of the General Assembly of the State of Indiana for the year 1929, appearing in the published Acts of 1929 at page 499 and in particular of section eight of said Acts, and of the Acts amendatory and supplemental thereto, and it appears in the complaint that said son was not driving said automobile exclusively for the purpose of going to and returning from school.

"2. It appears from the allegations of the complaint that the automobile of the plaintiff was being driven by the plaintiff's minor son in violation of law and under the terms of the insurance, the policy of insurance did not cover accident or damage resulting from operation at a time when the automobile was driven in violation of law. That no charges were made in the policy of insurance that prevented the defendants from insisting on and relying on the terms of the policy of insurance. That no conditions thereof were waived."

The only error assigned is that the court erred in sustaining defendant's demurrer to the plaintiff's complaint.

It was alleged in the complaint that appellant's son was fifteen years of age and that Mrs. Shedd and her son, with the knowledge and consent of appellant, took appellant's automobile and drove the same on a public highway west of the city of South Bend; that the son was driving and operating said automobile when the accident occurred.

The appellees contend that no liability exists on their part under the contract of indemnity because plaintiff's automobile was at the time of the collision being driven by a son of appellant under sixteen years of age with-

out a permit or license having been issued by the secretary of state as required by law.

Section 8 of chapter 162, Acts 1929, vol. 8, §47-408, Burns 1933, §11294, Baldwin's 1934, as far as is material here, provides:

". . . That the secretary of state may issue a permit to any person who is less than sixteen (16) and over fourteen (14) years of age to drive or operate a motor vehicle on the highways of this state exclusively for the purpose of going to or returning from school, upon receipt of an application for such a permit. The application shall be countersigned by the father or mother and the proper school· official of the school corporation in which such person is entitled to attend school, shall contain such information as may be prescribed by the secretary of state, and shall be sworn to before a notary public or other officer entitled to administer oaths. Upon receipt of such an application, the secretary of state shall cause an examination to be held to determine the ability of the applicant to drive or operate a motor vehicle, and may, in his discretion, issue a permit to such applicant. The permit shall prescribe the limits of the territory within which such motor vehicle may be operated: Provided, however, That no such permit shall be issued to any person who is less than sixteen (16) and over fourteen (14) years of age, who resides within the corporate limits of cities of the first or second class."

We will first dispose of the contention of appellant that the section, just quoted from, is unconstitutional and void. It is appellant's theory that section 8, *supra,* undertakes to grant rights and privileges to residents of certain portions and parts of the state which it denies to all of its citizens, who reside in cities of the first and second class, and therefore violates section 1 of the 14th Amendment of the Constitution of the United States. It also contended that said section violates section 23 of the bill of rights

of the State of Indiana. We do not think it violates either provision. The purpose and meaning of the act is clear. The legislature had in mind the congested traffic in cities of the first and second class, and the hazards incurred thereby to the public in general, and also the fact that the means of transportation to schools in such cities is more easily obtainable than in smaller places; that there is not that danger of congested traffic on the highways in the country, and in less populated cities and towns when used by persons in driving to and from school as there is in cities of the first and second class, and hence the classification was made which prevented a permit to be issued to any person who is less than 16 and over 14 years of age who resides within the corporate limits of cities of the first and second class.

The enactment of this legislation was an exercise of the police power of the state. If all persons are treated alike under the law and under the same circumstances, no person can be said to be deprived of the equal protection of the laws. *In re Converse* (1890), 137 U. S. 624, 11 Sup. Ct. Rep. 191; *Caldwell* v. *Texas* (1890), 137 U. S. 692, 11 Sup. Ct. Rep. 224; *Field* v. *Barber Asphalt Pav. Co.* (1904), 194 U. S. 618, 24 Sup. Ct. Rep. 784. The equal protection of the laws requires that the classification for legislative purposes must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair relation to the object of the legislation so that all persons in similar circumstances shall be treated alike. *F. S. Royster Guano Company* v. *Virginia* (1920), 253 U. S. 412, 40 Sup. Ct. Rep. 560. The classification in the instant case is reasonable and rests upon facts which have a fair relation to the objects of the legislation, as heretofore pointed out, and all

persons in similar circumstances are treated alike.

It has been held that under section 23 of the bill of rights of the Constitution of Indiana prohibiting the granting of special privileges or immunities does not apply as against the exercise of a purely police power for the protection of the public. *Ayres* v. *State* (1912), 178 Ind. 453, 99 N. E. 730; *Chicago, Terre Haute and Southeastern Ry. Company* v. *Anderson* (1914), 182 Ind. 140, 105 N. E. 49. Wherever the act is reasonably designed to protect the health, morals, or public welfare, section 23 is not violated. *Schmitt, Superintendent of Police* v. *F. W. Cook Brewing Company* (1918), 187 Ind. 623, 120 N. E. 19.

The question now presented for consideration is, Was the demurrer properly sustained to the complaint?

The clause of the policy, as amended, is as follows:

"The company shall not be liable on account of any claim against the assured if at the time of the accident giving rise to the claim, the automobile herein described is (a) being operated by any person in violation of law as to age, or under the age of fourteen years in any event."

This clause was part of the contract of insurance or indemnity; it is not ambiguous, and the contract as a whole must be construed as any other contract, and the language is to be accorded its popular and usual significance.

"It is not permissible to impute an unusual meaning to language used in an insurance contract." *Hoosier Mutual Automobile Insurance Company* v. *Lanam* (1923), 79 Ind. App. 629, 632, 137 N. E. 626.

It is generally held that, if the language used in an insurance policy is ambiguous, or admits of two constructions, it will be construed in favor of the insured as against the insurer in such a way as to protect the interest of the insured who has

paid a consideration for the indemnity. *Hoosier Mutual Automobile Ins. Co.* v. *Lanam, supra; Federal Life Insurance Company* v. *Kerr* (1910), 173 Ind. 613, 89 N. E. 398, 91 N. E. 230, 42 C. J. 790, sec. 356. However, in the absence of ambiguity in an insurance contract, neither party can be favored in its construction; and, where a contract of insurance contains mutual stipulations, each is to be construed favorably to the party entitled to claim its benefit. 32 C. J. 1152, secs. 254, 265.

There is no ambiguity in the contract here discussed. In plain and unequivocal language it says:

"The company shall not be liable on account of any claim against the assured if at the time of the accident giving rise to the claim, the automobile herein described is (a) being operated by any person in violation of law as to age, or under the age of fourteen years in any event."

Under section 8, *supra,* one who is less than sixteen and over fourteen years of age, under certain conditions, may secure a permit to operate an automobile on the highways of the state for the exclusive purpose of going to or returning from school; but in no event can a person of such age, who resides within the corporate limits of a city of the first or second class secure a permit to operate an automobile, and South Bend, where appellant and his son reside, is a city of the second class.

Section 25 of the act in question is as follows:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this act."

It is not to be presumed that in the face of this provision of the act, and other provisions, the parties to

630

the contract entered into the same with the purpose to violate the said provisions. On the other hand, the presumption would be that the parties intended to comply with the provision of the act, and the fact that the clause as amended by the rider was made part of the contract shows that the parties were attempting to comply with the act. This compliance was made by the amendment, and we think the appellees had the right to rely upon the same. And, as the son of appellant was operating the automobile with appellant's knowledge and consent, at the time of the accident, in violation of both the terms of the contract and the act in question, we think there was no liability stated in the complaint of appellant against appellees, and that the demurrer was properly sustained.

Judgment affirmed.