**Raymond C. BYERS and Richard B. Humphrey, Plaintiffs-Appellants,**

v.

**Guinevere WOMACK, Defendant-Appellee.**

**No. 15478.**

United States Court of Appeals
Seventh Circuit.

Oct. 21, 1966.

---

William Andress, Jr., of Andress, Woodgate, Richards & Condos, Dallas, Tex., for plaintiffs-appellants. William W. Andress, Lafayette, Ind., of counsel.

John R. Lynch, A. Glen Armstrong, Robertson & Lynch, Lafayette, Ind., for defendant-appellee.

Before DUFFY, Senior Circuit Judge, and SWYGERT and FAIRCHILD, Circuit Judges.

## PER CURIAM:

*Will construction.* An Indiana court ordered that the assets of a testamentary trust be turned over to defendant Guinevere Byers Womack. Plaintiff Raymond Byers was not a party to that proceeding. He and his assignee brought this action for partition, invoking the jurisdiction of the district court based on diversity, and claiming that Raymond was entitled to a one half interest under the will which created the trust. The district court gave judgment for defendant, and plaintiffs appealed.

Item Five of the will, executed in 1928, placed the bulk of testator's property in trust, the income to be paid to testator's two sons. The last three paragraphs of Item Five provided as follows:

"I will and desire that said trust shall continue during the lifetime of my said two sons, Orin Byers and Clifford W. Byers. And upon the decease of either of said sons, if they shall be survived by children lawfully begotten of their bodies, I will and desire that said children of my said sons shall receive the principal of said trust fund in such proportion that the children of each of my said sons shall have and receive onehalf (½) of said entire trust fund, share and share alike.

"In the event that either of my said sons should die without leaving surviving children lawfully begotten of his body, I will and desire that all of the trust fund shall be kept intact until the decease of my other son, and that then said trust fund shall be divided among the children of said son who may survive him, share and share alike.

"And if at the time of the decease of either of my said sons, the said deceased son shall leave surviving children lawfully begotten of his body, who are under the age of twentyone (21) years, I will and desire that said Trustee shall keep the custody of said trust fund until such child or children of said deceased son shall

reach the age of legal majority, but said Trustee may use the income from that portion of said trust fund to which my said son would have been entitled had he survived, for the use, maintenance and education of said child or children of said deceased son."

Raymond is the illegitimate son of testator's son, Clifford. Defendant is Clifford's legitimate daughter. Another legitimate daughter survived testator but only for a few months. Testator died in 1937, Orin (childless) in 1941, and Clifford in 1961.

Plaintiffs claim that the language of the penultimate paragraph of Item Five, providing for division "among the children of said son who may survive him" was intended to include illegitimate as well as legitimate children, arguing that the modifier, "lawfully begotten," used elsewhere, had been deliberately omitted here to accomplish this result.

 The learned district judge concluded that the language in question referred only to legitimate children, as in the cases where the modifier was used. We agree.

Our reading of the will in the light of the circumstances leads us to the conclusion that testator, who knew of the existence of Clifford's illegitimate son, intended that his property pass to the legitimate children of his sons, and that the omission of the modifier "lawfully begotten" in this instance was either an oversight or its insertion was deemed unnecessarily repetitious.

Although Clifford had two legitimate children living when the will was executed, testator could not know how many legitimate children might be born either to Clifford or Orin, and hence the use of the word "among" rather than "between" does not have the significance Raymond claims, i. e., that testator was thinking of division "among" Raymond and the two daughters.

Plaintiffs have not convinced us that while testator wished to limit the distribution to legitimate children if both his sons left such children, he desired to provide for Raymond, as well, if only Clifford left children.

 The law of Indiana is to be applied. The supreme court of Indiana has said:

"It is a rule of construction that prima facie the word 'child,' 'children,' or other terms of kindred, when used either in a statute or will, mean legitimate child or children or kindred." Truelove v. Truelove (1909), 172 Ind. 441, 445, 86 N.E. 1018, 1020.

We find no reason to accord a different meaning here.

We note that the same parties were before the court of appeals for the fifth circuit in 1958. Byers v. Byers (5th Cir., 1958), 254 F.2d 205. Raymond had brought action for declaratory relief, but that court deemed declaratory relief inappropriate, Clifford, the parties' father, being still alive at that time.

The judgment is

Affirmed.