The State, ex rel. Bible, *v.* Board of Elections of Hamilton County et al.

[Cite as State, ex rel. Bible, v. Bd. of Elections (1970), 22 Ohio St. 2d 57.]

(No. 70-113—Decided April 17, 1970.)

*Mr. Thomas J. Conners,* for relator.

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Arthur M. Ney,* for respondents.

*Per Curiam.* In this action in mandamus originating in this court, relator, Vernon D. Bible, seeks to compel the respondent, Board of Elections of Hamilton County, to place his name on the May 5, 1970, primary ballot as a Democratic candidate for Representative to Congress from the Second Congressional District. Respondent filed an answer and a demurrer. Both parties agree that a ruling on the demurrer will be dispositive of the case.

The relator filed a declaration of candidacy and his duly executed petitions with respondent. He also filed an affidavit, in which he stated that he had always been affiliated with and was a member of the Democratic party, and that in the regular state general elections for the next preceding four calendar years, and many more such elections prior thereto, he had voted for a majority of the candidates of the Democratic party. No protest was filed to this petition.

The board of elections rejected the petition on the ground that relator was not qualified to be a candidate for

the Democratic party at the May 5th primary because he had voted as a member of the Republican party at the 1966 primary, and thus, under R. C. 3513.191, he was disqualified from being a candidate for the Democratic party.

R. C. 3513.191 reads as follows:

"No person shall be a candidate for nomination or election at a party primary if he voted as a member of a different political party at any primary election within the next preceding four calendar years."

Relator admits casting a Republican ballot in the 1966 primary election, but contends that he did not do so as a "member of a different political party." It is his position that, irrespective of his primary vote, he was a Democrat.

Under R. C. 3513.19, only one who is a member of or affiliated with a party may cast his ballot at a primary election. Thus, when one votes at a primary he necessarily establishes some party affiliation or membership. So far as the right to vote at a primary is concerned such qualification can be shown by an affidavit that the elector voted for more candidates of one party than the other at the last general election. R. C. 3513.19; *State, ex rel. Young,* v. *Gasser* (1970), 21 Ohio St. 2d 253.

No such provision is made for a party candidate. A primary candidate's qualifications are determined by his vote in the party primary at prior primary elections. His party status will continue until, by an affirmative act, he changes his party affiliation on the record by voting for a different political party at another primary election. He can do this only by executing the aforementioned affidavit.

The real question raised by this case is whether the General Assembly has the power to impose the four-year condition contained in R. C. 3513.191.

It is ordinarily held that the General Assembly has the power to prescribe the qualifications for legislative office. Annotation 34 A L. R. 2d 155.

In *State, ex rel. Braverman,* v. *Vitullo* (1948), 150 Ohio St. 289, the court said:

"The right to hold office is not a natural right or a

necessary incident of citizenship, but depends upon compliance with the law and is subject to legislative control and regulation. *Mason* v. *State, ex rel. McCoy*, 58 Ohio St. 30, at page 49, 50 N. E. 6, 41 L. R. A. 291. The burden of complying with the statutes rests on the candidate. *State, ex rel. Burgstaller*, v. *Franklin County Board of Elections*, 149 Ohio St. 193, at page 196, 78 N. E. 2d 352.''

The qualification question raised in the present case relates not to the qualification to hold office but to the right to run for office as a member of a particular party.

There seems to be no question that laws may be passed relating to the requirements of party affiliation in order to participate as a candidate in a party primary. 25 American Jurisprudence 2d 873, Elections, Section 178.

The first paragraph of the syllabus of *State, ex rel. Webber*, v. *Felton*, 77 Ohio St. 554, reads as follows:

''The nomination of party candidates for public office concerns the public welfare and the legislature in the exercise of the police power may make reasonable regulations therefor.''

Relator emphasizes that an elector may change his party affiliation merely by presenting an affidavit that he voted in a certain manner at the last general election and that it is unconstitutional to impose stricter conditions upon a candidate.

The qualification required of a voter may well be less stringent than is required of a party candidate.

In considering the reasonableness of this provision, it must be kept in mind that we are not concerned with the right of a political party to have representation on the ballot at a general or primary election, or the apportionment of representation on the ballot at a general or primary election, or the apportionment of representatives as to vote, or the right of an individual elector to cast his vote. What we are concerned with is the right of an individual to run as a party candidate at a primary election.

A political party has no control over the selection of its members. Anyone can declare that he is a member of a

given political party, and, so far as the party itself is concerned, if such person can obtain sufficient signatures to his petitions he may run as a primary candidate for office as a member of that party irrespective of the wishes of the party itself.

Thus, it is left to the state to impose reasonable regulations on primary elections.

The obvious purpose of the four-year period provided in R. C. 3513.191 is to prevent candidates from altering their political party affiliations for opportunistic reasons.

It must be pointed out that R. C. 3513.191 does not prevent a person from changing his party affiliation or membership during such four-year period. If one wishes to change party membership, and aid or assist a party, he may do so at any time by aiding the party in its campaigns and objectives. He may also, during such period, vote at primary elections as a member of the party. The only thing he cannot do is to run in a party primary as a candidate for that party until the disqualification imposed by R. C. 3513.191 is removed.

Relator, by his own admission, voted as a member of the Republican party in the 1966 primary election, and thus, under the provisions of R. C. 3513.191, he is disqualified from being a candidate for the Democratic party at the May 1970 primary election.

The demurrer to the petition is sustained and the writ is denied.

*Writ denied.*

O'Neill, C. J., Leach, Schneider, Herbert, Duncan and Corrigan, JJ., concur.

Leach, J., of the Tenth Appellate District, sitting for Matthias, J.