Thomas W. LIPPITT, Plaintiff,

v.

Joseph A. CIPOLLONE et al.,
Defendants.

Civ. No. C71-667.

United States District Court,
N. D. Ohio, E. D.

Nov. 5, 1971.

Richard B. Kay, Cleveland, Ohio, for plaintiff.

John L. Dowling, Cleveland, Ohio, and Donald J. Guittar, Columbus, Ohio, for defendants.

Before CELEBREZZE, Circuit Judge, CONNELL, Senior District Judge, and KRUPANSKY, District Judge.

OPINION

PER CURIAM.

Plaintiff seeks to become a candidate of the American Independent Party for Congress from the 22nd District of Ohio in the forthcoming May 2, 1972 primary election.

Plaintiff has been politically active for many years and has voted regularly in both primary and general elections. On May 5, 1970, he voted in the Republican Primary Election at which time he was also a candidate for Congress in

the 22nd Congressional District. Challenged by the plaintiff are Ohio Rev. Code sections regulating candidacy for, and suffrage in primary elections, more specifically set forth as §§ 3513.05, 3513.-07, 3513.19, 3513.191, 3517.013, 3517.-014, 3517.015, and 3517.016.

Briefly and in substance the thrust of plaintiff's attack is directed to the constitutionality of the statutory requirements for attaining party affiliation and the constitutionality of the procedural requirements for qualifying as a candidate in a party primary election.

Keystone of the arguments in support of plaintiff's contentions is the conflict between the cited sections of the Ohio Rev.Code and the First and Fourteenth Amendments to the Constitution of the United States.

Established guidelines insuring individual First and Fourteenth Amendment guarantees protecting qualified voters, regardless of political persuasion, to cast their vote effectively and to seek public office were advanced by the Supreme Court in its far reaching pronouncements in Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968):

> We have repeatedly held that freedom of association is protected by the First Amendment. And of course this freedom protected against federal encroachment by the First Amendment is entitled under the Fourteenth Amendment to the same protection from infringement by the States.

Consciously preserving the State's broad powers to regulate election procedures, the Court in *Williams* sanctioned invasions of individual First and Fourteenth Amendment guarantees warranted by "compelling State interests," where the encroachment was not "invidious" in character.

■ State legislatures are presumed to act within their constitutional authority despite some inequities resulting from their enactments. See, Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1957).

■ Absent "invidious discrimination" offensive to constitutional safeguards, State regulation of election procedures will not be disturbed.

The compelling State interest the Ohio Legislature seeks to protect by its contested statutes is the integrity of all political parties and membership therein. These Ohio statutes seek to prevent "raiding" of one party by members of another party and to preclude candidates from ". . . altering their political party affiliations for opportunistic reasons." State ex rel. Bible v. Board of Elections, 22 O.S.2d 57, 258 N.E.2d 227 (1970). Protection of party membership uniformly applied to all parties cannot be characterized as "invidious discrimination" as defined in *Williams*. The United States Supreme Court has recognized the need to "[protect] a party from intrusion by those with adverse political principles" to be a legitimate purpose for said legislature. Ray v. Blair, 343 U.S. 214, 72 S.Ct. 654, 96 L. Ed. 894 (1952).

■ The requirement of the challenged statutes insuring party integrity and party political affiliation, together with the exemptions enacted to aid emerging political parties, are simple, reasonable, and uniform procedures designed to accomplish the desired result.

Ohio Rev.Code § 3513.19 permits individuals to change party membership or affiliation by executing an affidavit affirming that the affiant voted for a majority of the candidates of the party with which he seeks affiliation at the last general election. A two year exemption from the foregoing requirement is provided for those instances involving affiliation with newly emerging political parties.

Ohio Rev.Code § 3513.191 and related sections preclude individuals from offering themselves as candidates for nomi-

nation or election at a party primary, if such individual voted as a member of a different political party at any primary election within the next preceding four calendar years. Petitioner is admittedly in this predicament.

Ample allowance is also made under the Ohio laws for special circumstances occasioned by the emergence of new political organizations in providing for a four year exemption from the requirements of the involved enactments.

In balancing the facts supporting the "compelling interest" which the State claims to be protecting against the interest of those uniformly but temporarily disadvantaged, the Court concludes that the challenged regulations are not "invidious discriminations" constituting infringement of First and Fourteenth Amendment guarantees.

Accordingly, judgment is entered for the defendant with costs assessed to the plaintiff.