Robin M. GREEN and wife, Anne Green, Individually and Representing a Class, Plaintiffs,

v.

STATE OF TEXAS et al., Defendants.

Civ. A. No. 2–1172.

United States District Court,
N. D. Texas,
Amarillo Division.

Nov. 30, 1972.

---

Robin M. Green, Bob D. Slough, Amarillo, Tex., for plaintiffs.

Crawford C. Martin, Atty. Gen. of Texas, Sam L. Jones, Jr., Asst. Atty. Gen. of Texas, Austin, Tex., for defendants.

Before THORNBERRY, Circuit Judge, and WOODWARD and HILL, District Judges.

ORDER

PER CURIAM:

The present case was heard by a three-judge panel on defendants' motion to dismiss and plaintiffs' motion for summary judgment. Plaintiffs seek to enjoin and to have declared unconstitutional the operation and enforcement of certain sections of the Texas Election Code,[1] which sections require separate party primary elections and prohibit electors who vote for a candidate for one office in a particular party primary from voting in another party primary for a candidate running for a different office. Plaintiffs allege that such statutes constitute denial of various constitutional rights and safeguards, including equal protection of the laws, due process of law, and privileges and immunities.

It is not within the province of this Court to determine or select the wisest or most efficient election or party primary scheme for any state but rather to determine merely whether a given scheme, on its face or as applied, denies constitutional rights or guarantees to participants in the election process. If constitutional guarantees are found to be abridged, then the Court must apply the customary "compelling state interest" test to determine whether the restrictions on the voters, inherent in the statutory scheme, are imposed pursuant to a legitimate, compelling state interest which justifies the restriction. Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

It is clear from a review of the pleadings and oral arguments that the allegations in the instant case do raise substantial federal questions ripe for determination by a three-judge court under 28 U.S.C. §§ 2281 and 2284. The allegations that voters are treated unequally and that they are prohibited by the statute from selecting the candidates of their choice are sufficient to require a determination of constitutionality by the federal courts.

In considering defendants' motion for dismissal, however, the Court must determine whether the facts adduced at hearing and contained in the pleadings, considered in the light most favorable to plaintiffs, could constitute deprivation of federally protected rights, as a matter of law. We hold that they do not. Far from abridging federal rights, the Texas statutes here under review serve to protect the political rights of Texans to join political parties and to enjoy the free right of association appurtenant thereto with some protection against raids and interference from independents or members of other political parties.

Plaintiffs allege that members of a political party are deprived of the right to select certain candidates for the general election in November when the ballot in the primary of that party contains no candidate's name for a particular office. We hold that it is the duty of a political party to provide candidates for public offices and that the failure of one's chosen party to field a candidate or candidates for a particular office does not raise a constitutional question when a voter is prohibited from "crossing over" to vote in another party's primary for that office. Since on the basis of Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944), all Texas voters have been able to participate in the primary of their choice, there is no showing here of unequal treatment, by state election officials and processes, of voters of the state.

We hold, as above stated, that the limitations inherent in the Texas statutory scheme do not amount to constitutional deprivations. Even if constitutional violations were present, however, we hold as a matter of law that there exists a compelling state interest for the limitations in question and that such compelling interest overrides these constitutional considerations.

1. Under attack are Arts. 13.01, 13.01a, 13.02, 13.03, 13.04, 13.04A, 13.04b, 13.06, 13.07, 13.09, 13.11, 13.21, 13.22, and 13.-23, Texas Election Code, V.A.T.S.

The State of Texas has an overriding interest, on behalf of its citizenry, in protecting the integrity of the political process, and such protection certainly includes the prevention of "raiding" from one political party to another. Thus a recent three-judge panel in Raza Unida Party v. Bullock, 349 F.Supp. 1272 (W. D.Tex.1972) upheld a Texas primary election statute requiring that a voter choose between voting in a primary and attending the convention of a party not conducting a primary. The principles embodied in *Raza Unida* are certainly present here, for under the facts in *Raza Unida* voters who wished to be associated with the party holding a convention in lieu of a primary were not allowed to participate in choosing candidates for offices for which their minority party did not choose to field candidates. Likewise, voters who had voted for as few as one office in the spring primary of a party were forbidden to participate in the selection of candidates for *other* offices during the convention of another party. Finding that a state has a legitimate interest in preventing raiding, the court held that the statutory provisions in question were "not only fair but mandatory" according to constitutional standards.

The Supreme Court of the United States in Lippitt v. Cipollone, 404 U.S. 1032, 92 S.Ct. 729, 30 L.Ed.2d 725 (1972), affirmed on appeal a unanimous three-judge court, 337 F.Supp. 1405 (N. D.Ohio 1971), upholding as a compelling state interest a state law forbidding a person from candidacy in a party primary if he had voted as a member of a different political party within the previous four years. This decision is consistent with the Court's holding in Ray v. Blair, 343 U.S. 214, 72 S.Ct. 654, 96 L.Ed. 894 (1952), upholding a state statute requiring state primary candidates to sign an oath of loyalty to their party and its candidates. The Court quoted with apparent approval a similar pledge required of *voters* in party primaries.

■ Other federal courts have upheld statutory restrictions upon voters in party primaries, which restrictions serve the same general purpose as the Texas statutes here under review: Rosario v. Rockefeller, 458 F.2d 649 (2d Cir. 1972) (statute requiring that voters in primary election must have enrolled in that party prior to previous general election); and Jackson v. Ogilvie, 325 F. Supp. 864 (N.D.Ill.1971) (statute forbidding person who has voted in party primary from signing a nominating petition). Thus it is well established that statutes which limit a voter's official activity to one party and which seek to prevent or limit "raiding" are constitutionally legitimate and are of compelling interest to the state. We hold that the provisions of the Texas Election Code here under attack serve such a legitimate function and lend integrity and stability to the political process without violating constitutional guarantees. Whether the present Texas primary system is the best or the wisest possible scheme is a legislative determination and is not for this Court to decide.

Since taken in the light most favorable to plaintiffs the allegations and stipulated facts heretofore adduced constitute no constitutional violations, and since those same facts demonstrate a clear and compelling state interest in the restrictions in question, there is no need for a further hearing in the instant case. Accordingly, plaintiffs' motion for summary judgment is hereby denied. Defendants' motion to dismiss is hereby granted.

The present cause is therefore dismissed with prejudice.

Costs will be taxed against plaintiffs.