Rose T. OGREN, Plaintiff,

v.

Paulie MILLER et al., Defendants.

No. 7617–B.

United States District Court,
W. D. Kentucky,
Louisville Division.

Complaint filed March 12, 1973.

Opinion entered Nov. 21, 1973.

Stuart L. Lyon, Louisville, Ky., for plaintiff.

·Mary Jo Arterberry, Midway, Ky., for defendants.

Before LIVELY, Circuit Judge, and BRATCHER and ALLEN, District Judges.

PER CURIAM.

This action arises pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983 to have declared as invalid, under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Kentucky Revised Statute 186.470 and to enjoin its enforcement. This three-judge district court was impaneled pursuant to the provisions of 28 U.S.C. §§ 2281, 2284, to determine the federal constitutional question presented herein.

The facts are uncontroverted and can be briefly stated. Plaintiff, who is married and living with her husband, tendered with her minor son his application for a driver's learning permit, as provided for in KRS 186.450, to the designated county officials. The officials, acting with knowledge of these facts, refused the tendered application, finding that it did not conform with KRS 186.-470(1), which requires in its pertinent part:

"(1) The application of any minor under the age of eighteen for an operator's license or instruction permit shall not be granted unless the application is signed by the father of the applicant, if the father is living and has custody of the applicant, otherwise by the mother or guardian having the custody of the minor. . . ."

Complaint is made that the challenged statute places married mothers in a separate class based on arbitrary criteria wholly unrelated to a legitimate, legislative objective; and this "invidious" discrimination effectively denies plaintiff and the proposed class certain constitutonal guarantees, specifically, equal protection of the laws.

In opposition, the Commonwealth maintains that the classification was necessitated by "compelling state interest" thereby justifying the discrimination created by the Statute. The state asserts that important interests are served by the restrictions it imposes. It argues that the imposed limitations serve to promote family unity, citing Kentucky's "family purpose doctrine". Further, it protects a victim of the minor's negligence from an insolvent defendant.

Section 42, United States Code, Section 1983, provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the· Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

It is firmly established that the Equal Protection Clause does not make every minor difference in the application of laws to different groups a violation of the Constitution. Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L. Ed.2d 24 (1968). In deciding whether or not the state law violates the Equal Protection Clause, the courts must "consider the facts and circumstances behind the law, the interests which the State claims to be protecting, and the interests of those who are disadvantaged by the classification", Williams v. Rhodes, ibid. Thus, as a general rule "statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it", McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L. Ed.2d 393. A "reasonable basis" has

been found to exist even though the statute may be "illogical" or "unscientific". Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), citing Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 33 S.Ct. 441, 57 L.Ed. 730. The presumption is that statutory discrimination is predicated upon adequate grounds, Lippitt v. Cipollone, 337 F.Supp. 1405 (D.C.Ohio 1971), and is construed, whenever possible, so as to uphold the statute's constitutionality. United States v. Vuitch, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971).

The issue presented herein appears to be one of first impression. Nevertheless, the court's research, considered with the authorities supplied in the parties' briefs, provides sufficient criteria upon which the instant question can be decided.

■ It is settled that permission to operate a motor vehicle upon the public highways is a privilege, not a right. Ingels v. Boteler, 100 F.2d 915 (9th Cir., 1938); United States v. Carter, 275 F. Supp. 769 (D.D.C., 1967), and Gray v. Methodist Episcopal Church, etc., 272 Ky. 646, 114 S.W.2d 1141 (1938). Although the privilege might be a valuable one, it is no more than a permit granted by the state, with its enjoyment depending upon compliance with prescribed conditions and always subject to such regulation and control as the state may deem necessary to preserve the safety, health and morals of its citizens. The argument that a driver's license is a civil or property right within the meaning of the Constitution has been rejected in those jurisdictions wherein this theory was presented, as a proper exercise of the state's police powers. Commonwealth v. Funk, 323 Pa. 390, 186 A. 65 (1936) and Shedd v. Auto Insurance Co. et al., 208 Ind. 621, 196 N.E. 227 (1935). Even if the license was found to be a civil or property right, which it is not, it would be held in subordination to the state's right to regulate and control its issuance and use. This power of the state to supervise its highways has been held to be broad and persuasive. Bibb v. Navajo Freight Lines, Inc., 359 U.S. 520, 79 S.Ct. 962, 3 L.Ed.2d 1003 (1959).

It is obvious that the minor applicant has no constitutional right to operate a motor vehicle, the privilege to do so being derived solely from the state statute. The Commonwealth could grant permits only to those persons who have attained majority status, thereby avoiding the need for an attesting signature. Instead, the State Legislature has decided to extend the privilege to those persons not legally competent but in so doing has imposed certain restrictions, one of which is that the minor child must have the consent of the father, evidenced by his signature on the application, in preference to the mother, if both parents are living together. The Commonwealth, in the exercise of its legislative wisdom, through its police powers, can delineate any reasonable limitations it wishes in bestowing the privilege.[1]

■ A minor applicant could not properly test the constitutionality of the regulation in controversy; thus, it follows that a vicarious plaintiff could not bring suit to redress the alleged infringement. If this were not true, then a statutorily granted privilege not constitutionally secured could be brought within its protections merely by asserting an incidental right to the exercise thereof.

■ Further, plaintiff's injury, if any, is overbalanced by the overriding interest of the state and is, in fact, de minimis. Forbush v. Wallace, 341 F. Supp. 217 (M.D.Ala., 1971), affirmed, 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246 (1972).

Secondly, we should not lose sight of the fact that licensing is a "right" of the public for protection in the use of

---

1. We note with interest an article appearing in November 16, 1973, edition of the Louisville Courier-Journal wherein it is reported: "Either parent could sign an application for a driver's license for youths under 18 in a bill authorized for pre-filing yesterday."

the highway. If this were not the case, anyone who desired to drive an automobile or another vehicle on the highway would be able to do so unrestrainedly. It appears to the Court that if equal protection of the laws is applicable to KRS 186.470, then the proper party to assert the right would be the unwilling victim of a minor child's negligence. The statute provides only that the parent or guardian having custody, or the father if there is joint custody of the child, attest to the age and responsibility of the minor applicant. Conceivably, this type of regulation could preclude a meaningful recovery by a victim of a minor's negligence.

In accordance with this per curiam opinion,

It is hereby ordered that the complaint of the plaintiff, Rose T. Ogren, be and it is hereby dismissed, at the cost of plaintiff.

Judgment shall be entered accordingly.