PER CURIAM.
This matter is before the court on a statutory appeal pursuant to C.R.S. 1963, 49-6-12(1) and 49-18-5. Appellant Weber seeks to become a candidate in the Republican Party primary for the office of United States Representative for the Third Congressional District of Colorado. He was designated as a candidate by the Republican Assembly of that district. Weber first registered as a Republican in Colorado on January 9, 1974. He had been previously registered in Florida as a Republican in September of 1972. Weber recognizes that Colorado law requires that he be registered for one year in the party in whose primary he wishes to run. He contends, however, that the language of C.R.S. 1963, 49-5-5(1), as amended, which prohibits transfer of party affiliations from without the state, is unconstitutional as violating his right of *63 free association and impedes his right to travel. He also contends the statute is ambiguous and void for vagueness and requires a “de facto” residency to be eligible for election to Congress in violation of the United States Constitution.
We note that the trial court found that Weber became a resident of the state of Colorado in July of 1973, but did not apply for registration in the Republican Party in Colorado until January of 1974. Obviously, his registration in Florida was voided when he became a resident in Colorado.
Under C.R.S. 1963, 49-6-12(1) and 49-18-5(1) and (2), the Supreme Court may in its discretion accept or reject an appeal such as this and if it elects to accept the appeal, it may proceed in a summary way to dispose of it. We have read the petition, the opinion of the trial court, and the memorandum of law presented by the appellant and have researched the matter. We agree to accept the appeal and we summarily affirm the decision of the trial court. We find the state statute a proper exercise of a compelling state interest in the reasonable regulation of political party primaries. See Storer v. Brown, Frommhagen v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714; Rosario v. Rockefeller, 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1, reh. den. 411 U.S. 959, 93 S.Ct. 1920, 36 L.Ed.2d 419 (1973); Lippitt v. Cipollone, 337 F. Supp. 1405, affirmed 404 U.S. 1032; Duprey v. Anderson, 184 Colo. 70, 518 P.2d 807.
We find no ambiguity or vagueness in the statute. We note that nothing in the Colorado statutes prevents Weber from becoming an independent candidate for the office he seeks.
The judgment is affirmed.
MR. JUSTICE GROVES does not participate.