**AETNA LIFE & CASUALTY INSURANCE COMPANY**

v.

**Gentry STAPLETON, Jr., George D. Cundiff, Personal Representative of the Estate of Gentry Stapleton, Sr., Deceased, Vanderburgh County Welfare Department as Guardian for Richard Johnson, Loretta Lynn Brown, and Brenda Lee Brown, Nellie Brandenburg, James Stapleton, Granville Stapleton, Mirtie Todd, Virginia Stacy.**

**No. EV 81–47–C.**

United States District Court, S.D. Indiana, Evansville Division.

Jan. 26, 1982.

Phillip L. Kiely, Lockyear, Barber & Kornblum, Evansville, Ind., for plaintiff.

David K. Zengler, Boonville, Ind., Thomas G. Krochta, Vanstone & Krochta, Evansville, Ind., Gary R. Underwood, St. Louis, Mo., Stephen L. Bohleber, Atkinson, Welborn & Bohleber, Evansville, Ind., for defendants.

**ORDER**

BROOKS, District Judge.

This matter is before the Court upon motion of the defendants, James Stapleton, Nellie Brandenburg, Mirtie Todd, Granville Stapleton and Virginia Stacy, for summary judgment against the defendants, Richard Johnson, Loretta Lynn Brown, Brenda Lee Brown and Gentry Lynn Stapleton, Jr., pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that as a matter of law certain defendants have no right to share in the proceeds of the policy of insurance on the decedent's life. The Court has been fully briefed on the matters herein and has heard oral argument from the respective parties on January 4, 1982.

This dispute involves the determination of the proper beneficiary under a group life insurance policy of the decedent, Gentry Stapleton, Sr. Gentry Stapleton, Sr. died

on June 8, 1980 a resident of Vanderburgh County, Indiana, leaving no living spouse. At the time of his death he was insured by a group life insurance policy issued to his employer, the Whirlpool Corporation, in the sum of Fifteen Thousand Dollars ($15,-000.00). Said policy of insurance is payable upon death to the surviving spouse of the decedent, or if no surviving spouse to decedent's children and if there are no surviving children, to decedent's brothers and sisters, and if no surviving brothers and sisters, to the personal representative of the decedent's estate. The defendant, Gentry Stapleton, Jr., is alleged to be a son of Gentry Stapleton, Sr. The defendants, Richard Johnson, Loretta Lynn Brown and Brenda Lee Brown, are minors; alleged to be children of Gentry Stapleton, Sr., and wards of the Vanderburgh County, Indiana Welfare Department. The defendants, Nellie Brandenburg, James Stapleton, Granville Stapleton, Mirtie Todd and Virginia Stacy, are brothers and sisters of Gentry Stapleton, Sr. The paternity of the defendants, Richard Johnson, Loretta Lynn Brown, Brenda Lee Brown and Gentry Lynn Stapleton, Jr., is in question and if they are the natural children of the decedent, Gentry Stapleton, Sr., then they are "illegitimate" children. Based upon this fact, the question before the Court upon summary judgment is whether illegitimate children can collect the proceeds of the decedent's insurance policy. If there are no children to collect the decedent's insurance proceeds in this case, they pass to the decedent's brothers and sisters. A definition of "children" is the crux of the matter. As counsel for the respective parties have argued, that definition boils down to one following either probate or contract law.

Under probate law the issue of heirship of illegitimate children has been addressed by the legislature (I.C. 29–1–2–7) and the courts. *Tekulve v. Turner,* 391 N.E.2d 673 (Ind.App.1979); *also see, Humphries v. Davis,* 100 Ind. 274 (1884); *Phillips v. Townsend,* 223 Ind. 561, 62 N.E.2d 860 (1945). Indiana common law has dealt with the definition of "child." *Truelove v. Truelove,* 172 Ind. 441, 445, 86 N.E. 1018, 1020 (1909);

*see Byers v. Womack,* 367 F.2d 816 (7th Cir.1966). In Indiana an illegitimate child may be rendered capable of inheritance by meeting the statutory scheme. *See* I.C. 29–1–2–7; *AB v. CD,* 150 Ind.App. 535, 277 N.E.2d 599 (Ct.App.1971). Statutory schemes in other states concerning the constitutionality of probate codes dealing with illegitimate children have faced a controversial history in the United States Supreme Court. *See Lalli v. Lalli,* 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978); *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); *Labine v. Vincent,* 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971). Despite the probate law in this area, it is inapplicable to the case at bar.

The Indiana legislature has recently addressed itself to the problem of defining illegitimate children in areas of statutory law outside of probate. In paternity proceedings a presumed biological father is defined by statute in Indiana Code 31–6–6.-1–9. In Indiana's Workmen's Compensation Act the Indiana legislature has defined "child" to include acknowledged illegitimate children. I.C. 22–3–3–18, I.C. 22–3–3–19, *Bernacki v. Superior Construction Company,* 388 N.E.2d 536 (Ind.1979). These statutory definitions of "child" or "children" are no more compelling than that provided by the probate code. However, it tends to indicate that no one statutory definition can be selected over another in a contract matter as presented in the case at bar.

■ This case deals solely with the determination of whom should receive proceeds of a group life insurance policy held by the decedent. An insurance policy is a contract. *Mutual Hospital Insurance, Inc. v. MacGregor,* 174 Ind.App. 550, 368 N.E.2d 1376, 1379 (Ct.App.1977); *Trader's Insurance Company v. Cassell,* 24 Ind.App. 238, 56 N.E. 259 (Ct.App.1900). The rules governing the construction of contracts generally apply to the construction of a policy or contract of insurance. *Bocek v. Inter-Insurance Exchange of Chicago Motor Club,* 175 Ind.App. 69, 369 N.E.2d 1093 (Ct.App.1977); *Potomac Insurance Company v. Stanley,* 281 F.2d 775 (7th Cir.1960); *Shedd v. Automobile Insur-*

ance Company, 208 Ind. 621, 196 N.E. 227 (1935); American Insurance Company v. Leonard, 80 Ind. 272 (1881); also see, Employer's Liability Assurance Corporation v. Citizens National Bank of Peru, 85 Ind.App. 169, 151 N.E. 396 (Ct.App.1926). Insurance policies are to be construed in accordance with the principles of law applicable to contracts, and not those applicable to wills. Burnett v. Mutual Life Insurance Company of New York, 114 N.E. 232, 66 Ind.App. 280 (Ct.App.1916). This court must ascertain and effect the intention of the parties to the insurance contract and construe what a reasonable person in the position of the insured would have understood the terms in the policy to mean. Stockberger v. Meridian Mutual Insurance Company, 395 N.E.2d 1272 (Ind.App.1979); United Farm Bureau Mutual Insurance Company v. Brantley, 375 N.E.2d 235, 237 (Ind.App.1978); American States Insurance Company v: Aetna Life and Casualty Company, 177 Ind.App. 299, 379 N.E.2d 510 (Ct.App.1978); Hoffman v. Illinois Casualty Company, 159 F.2d 564 (7th Cir.1947); Stoddard v. Bankers Life Company, 100 Ind.App. 65, 190 N.E. 628 (Ct.App.1934). Contracts of insurance are to be construed according to the popular and usual significance accorded to language. Gulf Insurance Company v. Tilley, 280 F.Supp. 60, aff'd, 393 F.2d 119 (7th Cir.1967); Shedd v. Automobile Insurance Company, 208 Ind. 621, 196 N.E. 227 (Ind. 1935).

Indiana case law has not addressed this issue. Counsel for the respective parties turned to Ohio case law to argue whether "child" or "children" encompasses or does not encompass illegitimates. In Butcher v. Pollard, et al, 32 Ohio App.2d 1, 61 Ohio Ops.2d 1, 288 N.E.2d 204 (Ct.App. 1972), the Court examined the problem of a child denied life insurance benefits due to being born illegitimate. In dealing with the definition of "child" the Court stated " . . . the word "children" in the substitute beneficiary clause of the group life insurance policy of the putative father must be construed to mean all offspring, regardless of legitimacy." 288 N.E.2d at 213; Contra Aetna Life Insurance Company·v. McMil-

lan, 89 Ohio Law Abst. 208, 171 F.Supp. 111 (N.D.Ohio 1958). Clearly, the Butcher court analysis is the more favorable and well reasoned. See Annot., 62 A.L.R.3d 1329 at 1335 (1975). Certainly, the common usage definition of the word "child" simply means progeny or offspring of parentage. See Black's Law Dictionary 5th Ed. at 217. The logical intent of the parties contracting for life insurance would intend this common definition. Certainly Mr. Stapleton, Sr. recognized Gentry Stapleton, Jr. as his child through notorized custody agreement as well as being evidenced on a birth certificate. Similar indications may be utilized for other defendants. In the context of the life insurance policy brought before this Court, the word "children" must be construed to mean all offspring of the insured. In the context of the contract law it is this plain meaning of "children" that must be applied.

The Court has been presented with an insurance contract which is to be governed by the principals applicable to the construction of contracts generally. Since insurance policies are to be construed in accordance with the principles of the law applicable to contracts and not those applicable to probate, the Court has applied a common usage definition to the term "children".

For reason of the foregoing, the defendants' James Stapleton, Nellie Brandenburg, Mirtie Todd, Granville Stapleton and Virginia Stacy, motion for summary judgment against the defendants, Richard Johnson, Loretta Lynn Brown, Brenda Lee Brown and Gentry Lynn Stapleton, Jr., is hereby DENIED.

IT IS SO ORDERED.